UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| BRIAN A. MAUS and JASON M. LUDKE,<br><br>        Plaintiffs,<br>v.<br><br>MICHAEL BAENEN, SARAH COOPER,<br>PETER ERICKSEN, CATHY FRANCOIS,<br>MICHAEL MOHR, MARK LESATZ,<br>LT. SWIEKATOWSKI, SGT. ARTS,<br>DONALD CLUSEN, JAMES MURPHY,<br>SCOTT WALKER, JAMES DOYLE,<br>EDWARD WALL, GARY HAMBLIN,<br>DONALD WESTFIELD, CATHY A. JESS,<br>CHARLES FACKTOR,<br>CINDY O'DONNELL, LENA TAYLOR,<br>JEFF ROEMER, C.O. GUERRERO,<br>C.O. ROUSE, DIANE LONGSINE,<br>WILLIAM POLLARD, C.O. ADAMCZYK,<br>DITTMAN, TERRI MAGRAY, JOHN DOE,<br>and JUDY DINSE,<br><br>        Defendants. | Case No. 13-CV-1009-JPS<br><br><br><br><br><br><br>ORDER |

  It would be a vast understatement to call Jason M. Ludke a nuisance litigant. In the past five years, alone, he has filed no less than eleven civil rights suits in this Court. (*See e.g.*, (1) Case No. 10-CV-146-LA; (2) Case No. 11-CV-506-CNC; (3) Case No. 11-CV-577-CNC; (4) Case No. 11-CV-655-CNC; (5) Case No. 11-CV-830-CNC; (6) Case No. 12-CV-495-CNC; (7) Case No. 13-CV-740-CNC; (8) Case No. 13-CV-868-CNC; (9) Case No. 13-CV-878-CNC; (10) Case No. 13-CV-1009-JPS; (11) Case No. 13-CV-1058-JPS). Not one of those suits has ever been successful. In fact, only one has ever moved past the

screening stage, and that one was thereafter dismissed for failure to state a claim. (Case No. 11-CV-506-CNC).

Under his standard operating procedure, Mr. Ludke files his cases seeking to proceed *in forma pauperis.* Often, he then files a number of motions requesting various forms of relief, such as the restraining order and order allowing communication with another inmate, which he requests in this case. (See Docket #5; Docket #13). Finally—occasionally before and occasionally after the presiding Court has entered an order requiring that Mr. Ludke pay his initial partial filing fee—Mr. Ludke files a notice of voluntary dismissal, thus dismissing his suit.[1] In several recent cases, including the one now before the Court, Mr. Ludke has continued to file items even after his voluntary dismissal, resulting in both confusion and an inordinate amount of extra work for this district's staff. (*See, e.g.*, Case No. 13-CV-740-CNC).

The case at bar is a perfect example of this process. Mr. Ludke filed this suit jointly with another inmate. (Docket #1). The Court prepared an order assessing an IPFF against both plaintiffs. However, just before the Court entered that order, Mr. Ludke filed a voluntary dismissal. (Docket #15). Thus, the Court revised its order to reflect the presence of a single, remaining defendant, and entered that revised order. (Docket #17). Of course, almost immediately after the Court entered its order, Mr. Ludke changed his mind and filed a letter requesting that he be reinstated as a plaintiff in this case. (Docket #18).

The Court will not allow him to do so, here. Mr. Ludke's willy-nilly decisions to file his case, then dismiss it, then request its reinstatement (the

---

[1]The only exception to this pattern has been the previously-mentioned occurrence in which Mr. Ludke's suit was dismissed for failure to state a claim. (Case No. 11-CV-506-CNC).

latter two actions taking place not more than two days apart from one another) is exemplary of his vexatious approach to litigating in this district. Mr. Ludke routinely creates confusion and additional, unnecessary work for the staffmembers of this district. Thus, the Court has no choice but to find that this latest of his filings has been made in bad faith, and therefore deny the request contained therein. Mr. Ludke made his bed in voluntarily dismissing his case, and now he finds himself resting in it.

Moreover, with this order, the Court will go further and bring to a conclusion Mr. Ludke's continued abuse of this Court's limited resources. As already noted, Mr. Ludke routinely abuses process, creating both confusion and an unbelievable amount of work for the Court's staff. Therefore, the Court has no choice but to sanction him and at the same time limit his ability to submit further filings with this court, all for the reasons that follow.

What is most troubling about Mr. Ludke's behavior is that he abuses two distinct privileges provided to him. The first of those privileges is his ability to e-file. This district recently instituted a pilot program with the Green Bay Correctional Institution, where Mr. Ludke is currently housed. That program, which has thus far worked very well for a vast majority of inmates, allows prisoners to e-file documents with this district. It has served well to reduce the amount of paper and also cuts down on the transit time between a prisoner's filing and the Court's receipt of same. The program is not, however, an open invitation to traipse down to the filing room every three hours to file a scrawled-off letter to the Court each time his mood changes. Mr. Ludke seems to think otherwise. Yet, just as we expect attorneys not to abuse the e-filing system, we also expect prisoners to use it responsibly. Mr. Ludke, quite clearly, cannot handle that responsibility.

The second privilege that he abuses is the 21-day window that this district routinely provides prisoner litigants to dismiss their case prior to screening. That window allows prisoner litigants to re-think the merits of their suit before the Court enters a screening order; if they dismiss their suit voluntarily, they may avoid a strike that would otherwise be imposed if the Court determined their suits to be frivolous. They may also avoid being required to pay the full filing fee. Mr. Ludke regularly abuses this privilege. He files his cases—which he most certainly knows and understands to be frivolous—then automatically dismisses them before the Court can enter a screening order, which would likely otherwise assess a strike against him. In this way, Mr. Ludke has avoided receiving three strikes. But, there can be little doubt that he would have those three strikes if this district did not grant him the opportunity to dismiss his case. Of course, even though he has avoided receiving three strikes, all of his cases still required court staff to expend substantial resources to address the numerous filings therein. Moreover, strikes, though they were not imposed, likely would have been appropriately issued in many of those cases.

Given Mr. Ludke's demonstrated bad-faith, the Court finds it appropriate to bring an end to this onslaught of filings and impose a bar on any further filings from Mr. Ludke.

Fortunately, the Court has the inherent power to limit Mr. Ludke's access to the Court due to his excessive and frivolous litigation. *See, e.g.*, *In re Anderson*, 511 U.S. 364, 365–66 (1994); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186–87 (7th Cir. 1995). The Court has the responsibility to ensure that "[f]rivolous, vexatious, and repeated filings by *pro se* litigants [do not] interfere with the orderly administration of justice by diverting scarce judicial

resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor Cty.*, 73 F.3d 669, 671 (7th Cir. 1995). In such cases, the Court may take actions such as issuing injunctions that limit a litigant's filings, so long as those actions are tailored to the abuse of process at issue. *See, e.g.*, *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *Mack*, 45 F.3d at 186).

Thus, it is perfectly clear, here, that such an action is warranted. Mr. Ludke's actions significantly interfere with the ability of this district's judges to carry out their duties. The Court will, therefore, impose a monetary sanction of $3,850.00[2] upon Mr. Ludke for his continued abuse of this district's process. It will further impose a bar upon his filing of any cases or materials in this district until such time as that $3,850.00 sanction amount is paid in full. In the interim, the Clerk of Court shall return to Mr. Ludke any filing he may make, other than in cases seeking habeas corpus relief or those in which Mr. Ludke credibly alleges that he is in danger of imminent harm. Mr. Ludke is hereby warned, as well, that the Court will not hesitate to impose additional sanctions, which may include a further restriction on his ability to file cases in this district, if it finds that he has filed a complaint that it either: (1) frivolous but that he captioned as alleging imminent harm; or (2) that appears to allege facts that would support imminent harm but which the Court later determines not to be credible or frivolous. Finally, the Court notes that this monetary penalty and injunction are tailored to Mr. Ludke's circumstances. Given his propensity to file actions, requiring this district's

---

[2] This amount is equivalent to the $350.00 filing fee (without the additional $50.00 administrative fee) multiplied by the eleven frivolous cases Mr. Ludke has filed in this district.

Page 5 of 7

Case 2:13-cv-01009-JPS   Filed 09/30/13   Page 5 of 7   Document 22

staff to devote its limited resources to address such conduct, only after which time he voluntarily dismisses the action, the Court believes that only a bar on his filing of future cases will address the problems at hand.

For all of these reasons, the Court is obliged to deny Mr. Ludke's request to be reinstated as a plaintiff in the immediate action and further to bar him from filing any future cases or other materials in this district until such time as he has fully paid the $3,850.00 sanction that this Court now orders.

Parenthetically, the Court notes that this order has no effect upon the remaining plaintiff, Brian Maus. The Court awaits Mr. Maus' submission of his initial partial filing fee and will screen his complaint after he has submitted that fee.

Accordingly,

IT IS ORDERED that, for the foregoing reasons, Mr. Ludke's request to be reinstated as a plaintiff in this case (Docket #18) be and the same is hereby DENIED and Mr. Ludke is prohibited from further participation in this case; and

IT IS FURTHER ORDERED that, pursuant to the Court's inherent powers, *see Chambers*, 501 U.S. at 44–45, and *Mack*, 45 F.3d at 186, the Court hereby IMPOSES MONETARY SANCTIONS upon Mr. Ludke in the amount of $3,850.00; and

IT IS FURTHER ORDERED that, pursuant to the Court's inherent powers, *see Chambers*, 501 U.S. at 44–45, *Mack*, 45 F.3d at 186, and *McCready*, 453 F.3d at 892, and the Court's responsibility to ensure that *pro se* litigants like Mr. Ludke do not interfere with the orderly administration of justice, *Verdone*, 73 F.3d at 671, as further discussed above, the Court hereby

Page 6 of 7

Case 2:13-cv-01009-JPS    Filed 09/30/13    Page 6 of 7    Document 22

ENJOINS Mr. Ludke from filing any further cases or documents in this district until he has fully paid the above-imposed $3,850.00 sanctions amount; in keeping with this injunction, the Clerk of Court shall refuse to accept for filing and shall return to Mr. Ludke any filings that do not pertain to a request for *habeas corpus* relief or involve a credible allegation that Mr. Ludke is in danger of imminent harm.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge